IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| DENNIS FRIEDT,<br><br>Plaintiff,<br><br>vs.<br><br>KARI ALSTAD, ET AL.,<br><br>Defendants. | CV 21-56-GF-BMM-JTJ<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |

On June 15, 2021, this Court ordered Plaintiff Dennis Friedt to file an amended complaint, clarifying his claims, and to move to proceed in forma pauperis ("IFP") or to pay his filing fee. He was advised that he must respond to the order as specified, or his case would be recommended for dismissal. (Doc. 8.)

In response, Friedt has filed three documents: an amended complaint, accompanied by a blank IFP form (Doc. 9), another response without title (Doc. 10), and a request for clarification (Doc. 11), with attached copies of the amended complaint with some notations by Friedt, and of the collection order in CV-21-57-BLG-SPW-TJC. All of these documents were incorrectly identified with the case number of CV-21-57-BLG-SPW-TJC. That case was dismissed on May 25, 2021, and no further filings will be accepted in that case.

These documents, however, appear to respond to the Court's last order in this case, so the Court will address them here in the hopes of obtaining some final

clarity with Mr. Friedt.

   I.   Request for Clarification

Friedt explains that he has gotten copies of orders with the case numbers difficult to read, and that he has never gotten the final order that dismissed case CV-21-57. (Doc. 11 at 1.) The Court will send Friedt a physical copy of the dismissal order so that he will understand that that case is closed, and that number should no longer be used for filing any documents. He specifically asked about the heading on a specific document in the attachment to Doc. 11, which is his amended complaint filed in this case, as discussed below.

Friedt also seeks retraction of the collection order in CV-21-57. (Doc. 11 at 2.) The Court does not refund the filing fee depending on outcome. The fee is required to file a complaint, regardless of what then occurs with it, including voluntary dismissal. 28 U.S.C. § 1915(b)(1). The collection order will not be retracted.

Friedt also reiterates here, as he has repeatedly, that his pending habeas case is his priority. (Doc. 11 at 1.) This confirmation informs the Court's interpretation of Friedt's other filings, as discussed below.

   II.   Doc. 10

Friedt again states that his habeas petition is more important to him than his § 1983 claims and that he should not have to amend his complaint as ordered by

this court. (Doc. 10.) However, with this document, he did, in fact, file an amended complaint. He then concludes this document with "My case is dismissed." For this reason, and those stated below, this Court will recommend the case for dismissal.

III.   Amended Complaint

In this case, Friedt was directed to file an amended complaint clarifying his claims, since this case was severed from the attempted class action filed by Friedt and two other inmates. Friedt filed an amended complaint but failed to comply substantially with this Court's direction in its prior order.

Friedt has still not paid the filing fee or filed a motion to proceed in forma pauperis. The blank form attached to his amended complaint is insufficient. The case cannot commence without him doing one or the other, as has been repeatedly explained.

Further, Friedt's amended complaint, counter to this Court's instruction, raises all kinds of allegations unrelated to his initial mail room claims in the original complaint. (Doc. 1.) These additional claims include an assault not involving Friedt, interference with a kitchen job, possible sexual assault against Friedt, various issues related to other guard conduct, bullying, etc. This document ends with the statement "I should not of [sic] had to amend my case with that said I dismiss this one as well." (Doc. 9 at 7.)

Because Friedt has not paid his filing fee or moved for in forma pauperis status, he has repeatedly stated that he does not want to pursue any of his 42 U.S.C. § 1983 claims, and his amended complaint fails to comply with the narrow directions of this Court's prior order, the amended complaint will be recommended for dismissal, and for the case to be closed.

Based upon the foregoing, the Court issues the following:

## ORDER

1. Plaintiff's motion for clarification (Doc. 11) is GRANTED. The Clerk of Court shall mail Friedt a hard copy of the order of dismissal from Cause No. CV-21-57-BLG-SPW-TJC, as well as of this order. Friedt is reminded, however, that as long as he is in Montana State Prison, he is required to file electronically.

## RECOMMENDATIONS

1. For the reasons explained above, this case should be dismissed.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Friedt may file objections to these Findings and Recommendations within fourteen days after service thereof. 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal. This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a), should not be filed until entry of the District Court's final judgment.

Dated this 25th day of June, 2021.

_____
John Johnston
United States Magistrate Judge