# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| DENNIS FRIEDT,<br><br>  Petitioner,<br><br>vs.<br><br>KARI ALSTAD, *et al.*,<br><br>  Respondents. | CV 21-56-GF-BMM<br><br><br>**Order** |

**BACKGROUND.**

On June 15, 2021, the Court ordered Friedt to file an amended complaint clarifying his claims and to move to proceed in forma pauperis or to pay his filing fee. Doc. 8. Friedt filed an Amended Complaint (Doc. 9). Friedt also filed a blank in forma pauperis form (Doc. 9-1), another response without title (Doc. 10), and a request for clarification (Doc. 11). United States Magistrate Judge John T. Johnston issued a Findings and Recommendations. Doc. 12. No party filed objections to Judge Johnston's Findings and Recommendation.

**JUDGE JOHNSTON'S FINDINGS AND RECOMMENDATIONS (Doc. 12).**

Judge Johnston recommended that the Court dismiss Friedt's complaint. Doc. 12 at 4. Judge Johnston determined that Friedt prefers to focus his attention

1

on his parallel petition for writ of habeas corpus (1:21-cv-0048-SPW-TJC) and seeks to voluntarily dismiss this case.

**LEGAL STANDARD**

The Court conducts de novo review of the portions of a magistrate judge's findings and recommendations to which a party properly objects. 28 U.S.C. § 636(b)(1). A party makes a proper objection by "identifying the parts of the magistrate's disposition that the party finds objectionable and presenting legal argument and supporting authority, such that the Court is able to identify the issues and the reasons supporting a contrary result." *Montana Shooting Sports Ass'n v. Holder*, 2010 WL 4102940, at *2 (D. Mont. Oct. 18, 2010). The Court will review for clear error the portions of a magistrate judge's findings and recommendations to which a party fails to object or to which a party's objections constitute only perfunctory responses argued in an attempt to rehash the same arguments set forth in the original response. *Rosling v. Kirkegard*, 2014 WL 693315, at *3 (D. Mont. Feb. 21, 2014). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syraz*, 235 F.3d 422, 427 (9th Cir. 2000).

No party filed objections to Judge Johnston's Findings and Recommendations. The Court will review, therefore, Judge Johnston's Findings and Recommendations for clear error. *See Kirkegard*, 2014 WL 693315, at *3.

**ANALYSIS.**

The Court finds no clear error in Judge Johnston's Findings and Recommendations. *Id.* Judge Johnston correctly construed Freidt's responses as an attempt to voluntarily dismiss this case. In his response, Friedt states "[m]y Habeas Corpus Relief mean more to me than the 42:1983. I should not had to amend my complaint. I attempted to but now I dismiss it without Prejudice and Bias. . . . My case is dismissed." Doc. 10 at 1. In his Amended Complaint, Friedt also states "I dismiss this one also. . . . My Habeas is more important." Doc. 9 at 8. The Court interprets the intent of Friedt's responses the same as Judge Johnston: Friedt seeks to dismiss voluntarily this case in order to prioritize his petition for writ of habeas corpus.

Judge Johnston also correctly determined that Friedt has failed to comply with the Court's previous order to pay the filing fee or file a motion to proceed in forma pauperis. Although Friedt has failed to comply with the Court's previous order, Friedt's intent to dismiss this case proves sufficient to dismiss this case.

**ORDER**

It is hereby **ORDERED**:

1. Judge Johnston's Findings and Recommendations (Doc. 12) is **ADOPTED** in full.

2. Friedt's Amended Complaint (Doc. 9) is **DISMISSED** without prejudice.

3. The Clerk of Court shall close this matter.

4. The Clerk of Court shall have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

Dated the 21st day of July, 2021.

_____
Brian Morris, Chief District Judge
United States District Court